**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30276 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00212-RAJ-2 |
| v. | |
| ROBERT ERNEST BRANDT, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted January 10, 2012**
Seattle, Washington

Before: GRABER, FISHER and RAWLINSON, Circuit Judges.

Robert Brandt appeals his conviction for wire fraud based on a fraudulent

scheme to obtain mortgage loans for the purchase of residential properties at

inflated prices. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\**The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.     The false statements to lenders were material.  When the facts are viewed in the light most favorable to the government, the straw buyers misstated their income, assets, employment and intent to occupy the properties.  As president of Escrow Authority, Brandt also signed and submitted fraudulent HUD-1 forms that misstated the fees being collected for Escrow Authority's services.  Such statements, which bear directly on a buyer's ability to repay the loan and on the escrow agency's interest in securing the loan, are material.  *See United States v. Gaudin*, 515 U.S. 506, 509 (1995) (holding that a false statement is material if it has "a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed") (internal quotation marks omitted) (alteration in original); *see also United States v. Nash*, 115 F.3d 1431, 1437 (9th Cir. 1997).  Lender representatives also testified that, had they known of the various misstatements, they would not have made the loans at issue.  We must assume that the jury credited these witnesses.  *See United States v. Stewart*, 420 F.3d 1007, 1015 (9th Cir. 2005).  Thus there is no question that the evidence sufficiently proved the misstatements were material.  *See United States v. Mayberry*, 913 F.2d 719, 723 (9th Cir. 1990) (concluding that the unchallenged testimony of an HUD administrator that the information at issue was "highly

significant in reviewing mortgage insurance applications" was sufficient to establish materiality).

2.    The district court did not abuse its discretion by instructing the jury on deliberate ignorance.  First, Brandt's argument that the instruction allowed him to be convicted on the basis of mere negligence is foreclosed by precedent.  *See United States v. Heredia*, 483 F.3d 913, 918-20 (9th Cir. 2007) (en banc) (holding that the deliberate ignorance instruction does not risk lessening the state of mind that the jury must find to something akin to recklessness or negligence).  Second, there was sufficient evidence, primarily in the form of the HUD-1s Brandt signed in connection with the various counts, from which a reasonable jury could find that Brandt was aware of a high probability that Escrow Authority was being used to perpetrate a fraud and that Brand deliberately avoided learning the truth.  *See id*. at 923; *United States v. Jewell*, 532 F.2d 697, 698-99 (9th Cir. 1976) (en banc).

**AFFIRMED.**